# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| **Christopher Case,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:17cv701 (LO/JFA) |
| ) | |
| **Director, Dep't of Corrections,** ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Christopher Case, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeking relief from his conviction of the malicious wounding of a police officer in the City of Hopewell Circuit Court. On January 8, 2018, respondent filed a Motion to Dismiss the petition with a supporting brief and exhibits, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. No. 7 - 10] After receiving an extension of time, petitioner filed a reply in opposition on February 27, 2018. [Dkt. No. 13] Accordingly, this matter is ripe for disposition. After careful consideration, the Motion to Dismiss must be granted, and the petition must be dismissed, as time-barred.

## I. Background

Following a jury trial, Case was convicted on September 9, 2013 of the malicious wounding of Richard Wade, a detective with the City of Hopewell Police Department. Pet. ¶ 33. On January 8, 2014, he was sentenced to serve a term of 26 years incarceration. Case No. CR12-182-00.

Case prosecuted a direct appeal, arguing that: (1) the trial court erred in refusing to strike

the evidence as insufficient because it did not establish that the victim was identifiable as a law enforcement officer; and (2) the trial court erred in refusing to set aside the verdict as contrary to Virginia law for the same reason. The appeal was denied on December 18, 2014, and a three-judge panel refused further review on April 27, 2015. Case v. Commonwealth, R. No. 0227-14-2 (Va. Ct. App. Dec. 18, 2014); Resp. Ex. 1. The Supreme Court of Virginia refused Case's petition for appeal on December 29, 2015. Case v. Commonwealth, R. No. 150801 (Va. Dec. 29, 2015); Pet. Ex. L.

Case filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia on January 17, 2017. On March 21, 2017 the court dismissed the petition on the holding that "... the petition was not filed within one year from the December 29, 2015, final disposition of petitioner's direct appeal. Code § 8.01-654(A)(2). Accordingly, the Court is of the opinion that the petition was not timely filed. It is therefore ordered that the petition be dismissed." Case v. Dir., Dep't of Corrections, R. No. 170074 (Va. Mar. 21, 2107); Resp. Ex. B.

Case then turned to the federal forum and filed the instant application for § 2254 relief on June 5, 2017.[1]

---

[1] Pursuant to this district's usual policy, Case's petition and filing fee were sent initially to the Richmond division, where the matter was routinely assigned to this Court. Through inadvertent clerical error, the petition was lost in the process of being transferred from Richmond to Alexandria. Accordingly, an Order was entered directing Case to re-file his petition within thirty days. [Dkt. No. 1] Thus, although the petition currently on file in this action was docketed on July 11, 2017 [Dkt. No. 2], court records indicate that the initial petition was received in the Richmond division on June 5, 2017. The date that the initial petition was placed into petitioner's institutional mailing system cannot be ascertained at this juncture, but since the petition was filed over two months after the limitations period expired, that minor discrepancy does not call into question the conclusion that it is untimely.

2

## II. Analysis

A petition for a writ of habeas corpus pursuant to § 2254 must be dismissed if it was filed later than one year after (1) the judgment at issue became final; (2) any state-created impediment to filing a petition was removed; (3) the United States Supreme Court recognized the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In this case, the Supreme Court of Virginia refused Case's petition for review on direct appeal on December 29, 2015. Therefore, the conviction became final ninety (90) days later, on March 28, 2016, when the time expired during which Case could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period began to run on that date.

In calculating the one-year limitations period, a federal court must exclude the time during which properly-filed state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2). The definition of "properly filed" in this context is based on applicable state law as interpreted by state courts. Pace v. DiGuglielmo, 544 U.S. 408 (2005). Accordingly, Case's state habeas corpus application was not "properly filed," because the Supreme Court of Virginia expressly determined that it was barred by the statute of limitations set out in Virginia Code § 8.01-654(A)(2). Because the petition was not "properly filed," it did not act to toll the § 2254(d) limitations period. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely). The limitations period in this case thus ran

unchecked from March 28, 2016, the date the conviction at issue became final, until this federal petition was filed on June 5, 2017. Since that period exceeded the one-year limitations period by 68 days, this petition is barred by the statute of limitations unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled.

On the face of the petition and again in his reply to the Motion to Dismiss, petitioner argues that he attempted to file a petition for a state writ of habeas corpus in the Hopewell Circuit Court on January 25, 2016, but the accompanying motion to proceed in forma pauperis was denied on March 9, 2016 for his failure to comply with Va. Code § 8.01-691, entitled "Payment of filing fees and costs by prisoners; when in forma pauperis status is granted." He argues that the Virginia court misapplied that provision in denying him in forma pauperis status, and that as a result the §2254(d) statute of limitations should be deemed to have been tolled when his habeas petition was received by the Hopewell Circuit Court. [Dkt. No. 13]

While petitioner does not use the term, his argument might be liberally construed in deference to his pro se status as seeking equitable tolling of the limitations period. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). To qualify for equitable tolling, a petitioner must demonstrate both (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. Yang v. Archuleta, 525 F.3d

4

925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 12304, 1307 (11th Cir. 2008)). The petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

The extraordinary relief of equitable tolling is not warranted in this case for three reasons. First, the Case Status and Information website of the Virginia court system does not reflect that Case ever actually filed a habeas petition in the Hopewell Circuit Court; apparently, the denial of his in forma pauperis application resulted in the accompanying petition being rejected without being deemed filed. Since the petition was never filed, it could not act to toll the limitations period pursuant to § 2244(d)(2). Moreover, even if that were not so, Case could not prevail on his argument that this Court should reject what he characterizes as the state court's misapplication of Va. Code § 8.01-691, because federal courts look to state court interpretations of state law in determining whether a state proceeding was "properly filed" for purposes of tolling the statute of limitations. Pace, 544 U.S. at 408. Lastly, the events Case describes do not warrant equitable tolling because he cannot show that he acted diligently. The Hopewell Circuit Court issued its order denying Case's motion to proceed in forma pauperis in his habeas proceeding on March 9, 2016, but Case did not file his application for habeas relief in the Supreme Court of Virginia until January 17, 2017, over ten months later. Had Case acted more diligently, that second state

habeas petition would not have been dismissed as untimely, and would have acted to toll the federal limitations period. Thus, Case could have filed his federal petition on time despite the dismissal of his petition by the Hopewell Circuit Court had he acted more diligently, and as a result that circumstance does not warrant equitable tolling.[2] Rouse, 339 F.3d at 246.

Respondent includes an argument in his brief that Case's claim of prosecutorial misconduct does not excuse the untimeliness of this petition. A fair reading of the petition would appear to indicate that the claim of a Brady violation is offered as a substantive basis for habeas corpus relief, rather than as a basis for equitable tolling. Nonetheless, the claim in any event suffices to do neither, because it fails on the merits for the reasons discussed by respondent. [Dkt. No. 9 at 4 - 5]

Lastly, petitioner has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result." Rouse, 339 F.3d at 246. Accordingly, this petition is time-barred from federal consideration.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition must be granted, and the petition will be dismissed, with prejudice, as time-barred. An appropriate Order and judgment shall issue.

Entered this 6th day of April 2018.

Alexandria, Virginia

---

[2]Petitioner's vague reference to the fact that he had to re-draft the petition for the Virginia Supreme Court and was prevented from printing it by an institutional lockdown [Dkt. No. 2 ¶ 49] does not amount to a persuasive showing of diligence over a time span of ten months.

6